PAGE, Respondent, *vs.* FREEMAN, Appellant.

1. Under the new code, it is not necessary that facts should be stated in a pleading according to their legal effect.
2. Several parties engaged in an assault and battery, may be sued jointly or separately ; but if separate suits are brought, the plaintiff will be put to his election between the judgments, as there can be but one satisfaction.

*Appeal from St. François Circuit Court.*

*Noell & Beal,* for appellant.
*Gale,* for respondent.

SCOTT, Judge, delivered the opinion of the court.

This was an action for an assault and battery. The petition stated that the defendant conspired with, aided and abetted a

certain Jesse Edwards to assault, beat and otherwise ill-treat and abuse the plaintiff, and by and in consequence of such conspiracy, aiding and abetting by said defendant, he, the said Jesse Edwards, did assault, beat and otherwise ill-treat and abuse the said plaintiff, to the damage, &c. A demurrer was put in to this petition, which was overruled, and the defendant answered, denying the allegations therein contained. On a trial of the issue, there was a judgment for the plaintiff for the sum of $147 50. Afterwards, the defendant moved the court to compel the plaintiff to elect between the damages recovered in this cation, and those recovered against Jesse Edwards in another action, for the same assault and battery, and produced a record showing a recovery against Edwards for the same cause, for the sum of two hundred dollars. This motion was overruled, and the defendant appealed.

1. By the common law, all were principals in an assault and battery, as in other trespasses. He who counselled, aided or assisted in any way the commission of the wrong, was, in the eye of the law, as much a principal as he who actually inflicted the blows, and the declaration against him who counselled or aided was, consequently, the same as against him who actually committed the violence. Chitty, 91. *Canefox* v. *Chapman & Willes*, 7 Mo. Rep. The petition of the plaintiff is clearly bad as a declaration at common law. According to its rules, it contains no cause of action. But the present practice act will support the petition, as it requires the truth of it to be supported by affidavit, and as there may be those who would be unwilling to swear to a statement of the facts, represented according to their legal effect. It cannot be a matter of any consequence, as all of the old forms are done away with. The facts being stated as they really occurred, the mind applies the law to them. But in deviating from the established forms of pleading, the law did not design to change the rights of the parties.

2. In case of a joint trespass, the plaintiff may sue two or more of them jointly, or may sue them separately, and may recover a judgment against them. But for one trespass or wrong

he can have but one satisfaction. It is like a joint promissory note. A satisfaction by one of the makers will discharge it. A trial and recovery against one trespasser will be no bar to a trial and recovery against another. But where separate actions are brought, as there can be but one satisfaction, the plaintiff is put to his election between the verdicts, and execution is sued out accordingly. If the plaintiff has received satisfaction for the wrong done from Edwards, he cannot recover another satisfaction for the same wrong. If he has put himself in a situation which prevents his election, it is his own act. The court, in such case, would relieve the defendant, in the same manner as would be done, should it be made to appear that one of the judgments or executions against a defendant had been satisfied. 1 John. 290. 1 Pick. 62.

The other judges concurring, the judgment will be reversed, and the cause remanded, and the Circuit Court directed to proceed in conformity to this opinion.