### Josiah C. Bennett *vs.* Richard Hood & another.

A judgment for the plaintiff in replevin, against one of two joint takers of goods for a part of the goods taken, is a bar to a subsequent action against both to recover damages for the same trespass, if the other goods are not shown to have been concealed, or otherwise disposed of, so that they could not be replevied.

Chapman, J. This is an action of tort, in which it appears that the two defendants, by a single tortious act, took the articles sued for, namely, a daguerreotype saloon, a camera, and a lot of pictures and chemicals. The plaintiff heretofore brought a writ of replevin against Schuyler C. Bennett, one of the defendants, for the saloon and camera. When these articles were returned to the plaintiff, the pictures and chemicals, which were in the saloon when it was taken by the defendants, were still in it, and came back to the plaintiff's possession with it, but in a damaged state. He obtained judgment for the goods replevied, and one dollar, being nominal damages for the detention; and it is objected that this judgment in replevin is a bar to the present action.

The court are of opinion that this objection is valid. If the defendants had destroyed, concealed, or sold a portion of the property, so that it could not be replevied, the plaintiff might have had some reason to contend that he had a right to replevy that part of the property that could be found, and to maintain a separate action to recover the value of that which had been thus severed from it. But we have no occasion in this case to decide that question. The defendant Schuyler C. Bennett stands upon the maxim, " *Nemo debet bis vexari pro una et*

*eadem causa;* " and in this action he is a second time sued for a single and indivisible act. As to him, at least, it is an unnecessary multiplication of actions.

In the case of *Farrington* v. *Paine*, 15 Johns. 432, the court say : " Suppose a trespass of a thousand barrels of flour ; would it not be outrageous to allow a separate action for each barrel ? " It is difficult to see why a thousand actions could not be maintained in such a case — some in replevin, others in trespass, and others in trover — if the present action can be maintained. In that case, the defendants had taken three bed-quilts and a bed. Judgment had been obtained for the bed-quilts, in a former action, and this judgment was held to be a bar to an action for the bed.

In the case of *Bates* v. *Quattlebum*, 2 Nott & McCord, 205, it was held that if a party has an entire and indivisible demand, and brings an action for a part, he shall not afterwards bring an action for the residue. The judgment in the first action is a bar to the second action.

In *Fetter* v. *Beale*, 1 Salk. 11, the defendant had committed an assault and battery on the plaintiff by beating his head upon the ground. The plaintiff obtained a judgment for it. Afterwards a piece of his skull came out, and he brought an action for the further damage. It was held that the first judgment was a bar.

In this case, the plaintiff having obtained a judgment in replevin against Schuyler C. Bennett for a part of the property, and also a judgment for nominal damages, the court are of opinion that he cannot maintain the present action against Bennett and Hood jointly for further damages for the taking and detention of the whole property, the whole having been restored to him. The principle insisted on by the plaintiff, that an action will lie against each of several co-trespassers, and that the plaintiff may elect *de melioribus damnis,* is not applicable to the present case. The authorities on the point are collected in the note to *Broome* v. *Wooton,* Yelv. (Amer. ed.) 67. They do not decide that, after obtaining a judgment in replevin against one trespasser, he may afterwards sue the other for damages. Still less

do they decide that he may afterwards maintain a joint action against both.                                    *Exceptions overruled.*

*S. B. Ives, Jr. & J. B. Peabody*, for the plaintiff, cited 2 Hilliard on Torts, 459; *Henry* v. *Goldney*, 15 M. & W. 494; *Sheehey* v. *Manderville*, 6 Cranch, 265; *Kelsey* v. *Murphy*, 2 Casey, 81; *Page* v. *Sherman*, 19 Mo. 421; *Knott* v. *Cunningham*, 2 Sneed, 205.

*D. Saunders, Jr., & E. J. Sherman*, for the defendants.