OF THE

## STATE OF MISSOURI

AT THE

### APRIL TERM, 1908.

*(Continued from Volume 212.)*

---

## IN THE MATTER OF ESTATE OF MARY STROM, Deceased; JOSEPH M. STROM, Husband, Appellant.

### Division Two, June 16, 1908.

1. **APPELLATE JURISDICTION: Curtesy: Appeal From Probate Court.** The husband of deceased testatrix filed a motion in the probate court asking that a certain order directing her executor to take charge of her real estate and collect the rents and use them in paying demands against her estate, be set aside, on the ground that he had curtesy therein and was entitled to its possession. The motion being overruled, he appealed to the circuit court, where he amended his motion, adding that the said order was in violation of specified clauses of the Constitution, and from a judgment against him on the motion, he appeals. *Held*, that the Supreme Court has no jurisdiction over the appeal.

2. ————: ————: ————: **Title to Real Estate.** The probate court has no jurisdiction to hear and determine the title to real estate, either in equity or in an action in ejectment. Neither has it jurisdiction to determine the husband's right to curtesy in his wife's real estate. And hence the Supreme Court does not have jurisdiction over an appeal from a ruling on a motion filed in the probate court by the husband to have revoked an order directing the wife's executor to take charge of and collect rents of testatrix's real estate, based on the assumption that he was entitled to curtesy therein, since such procedure does not involve title to real estate.

213 Sup.—1 (1)

3. ——: ——: ——: **Constitutional Question.** Neither had the probate court opportunity to pass on the constitutional question, nor could such question be injected into the cause of action in the circuit court after an appeal from the probate court, by an amendment to the pleading adding certain constitutional grounds thereto as appellant's right to recover. The appeal cannot give the circuit court greater jurisdiction than the probate court had, and any insertion of a constitiutional question in the pleading in the circuit court is without authority of law and is an attempt to incorporate into the case a matter which had no place there. And since neither the probate court nor the circuit court could consider the constitutional questions, this court cannot do so, and hence this court has no jurisdiction over the appeal from the circuit court's judgment.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Charles B. Stark* and *Christian F. Schneider* for appellant.

*Ernest C. Dodge* for respondent.

GANTT, J.—On the 3d day of October, 1903, Mrs. Mary Strom died in the city of St. Louis, leaving a lot of ground fronting on Thomas street. She left surviving her one daughter by the name of Florence Strom. Mrs. Strom died testate, leaving a last will and testament, by which she devised and bequeathed all of her estate, real, personal and mixed, in trust to her brother William Porth for the benefit of her daughter Florence Strom until the latter should arrive at the age of twenty-one years, at which time the trustee was to pay to Florence five hundred dollars, and when the daughter reached the age of twenty-seven the trust estate was to terminate and all the estate to be turned over to the daughter discharged of the trust. Mrs. Strom also left a husband, the appellant herein, Joseph M. Strom.

After the death of Mrs. Strom, William Porth qualified as executor and took charge of the estate. On January 8, 1904, he filed his inventory and appraisement showing the said Thomas street property and $747.18 worth of personalty belonging to said estate. On December 7, 1903, the probated claims against Mrs. Strom's estate aggregated $1,508.50, and on that day the executor filed his petition in the probate court of the city of St. Louis under section 130, Revised Statutes 1899, wherein he prayed for an order authorizing him to take charge of the Thomas street property and collect the rent and revenues to pay the demands against the estate. The probate court made the order accordingly and thereupon the executor took charge of the real estate in question and the tenant who had for some time occupied the property as a tenant of Mrs. Strom during her life time attorned to the executor and paid him all the rent due to that day. No notice of this application by the executor was served on Joseph M. Strom, the surviving husband of Mrs. Strom.

On December 17, 1903, Joseph M. Strom filed his motion in the probate court to set aside the order directing the executor to take charge of the said real estate and rent the same for the payment of debts. That motion is in words and figures as follows:

"Now comes Joseph M. Strom, husband of Mary M. Strom, deceased, and moves the court to set aside and revoke and annul the order made in the above-entitled cause on the 7th day of December, A. D. 1903, at the instance and request of the executor of said estate, authorizing him to collect the rents on the property in said order described, and for grounds of this motion states:

"That said order is in violation of and contrary to law; that the said Joseph M. Strom is the husband of said Mary Strom and was such at the time of her

death; that there was born of the marriage between said Joseph Strom and said Mary Strom, and there is now living issue, viz., one female child named Florence M. T. Strom, now about — years of age; that the deceased was the owner and seized in fee of the real estate described in said order, being house and premises known as No. 2708 Thomas street, city of St. Louis, Missouri, and now held by one Llewellen Boswell, as a tenant from month to month, at a monthly rental of $22 per month; that by reason of the premises your petitioner, said Joseph M. Strom, has an estate by the curtesy in said property and is entitled to the rents, issues and profits thereof; that said issues, rents and profits by reason of the premises is not liable for the debts of said Mary Strom, deceased, and her executor is not entitled to collect the same; that if said executor be allowed to collect the same your petitioner will be deprived of their enjoyment and defrauded thereby.

"Your petitioner further represents that said order was improvidently made in this that your petitioner had no notice or knowledge of the same until after it was made; that he had no opportunity to make this claim or present to the consideration of this court his rights and interests in and to said property; that the court was not informed and had no knowledge of his rights and interests in and to said property; that your petitioner was not a party to said proceeding, and that by reason of the premises the court had no jurisdiction in said matter, and said order could not deprive your petitioner of his rights and interests in said property.

"Wherefore, your petitioner prays this Honorable Court to make its order revoking, annulling and setting aside said order made on said 7th day of December, A. D. 1903."

At the said same term of court on December 19,

1903, both parties appearing said motion was submitted to the court on evidence offered on both sides and on January 22, 1904, said motion was by the probate court overruled. The court, however, in overruling said motion directed the executor to hold the rents and profits collected from said real estate separate from the other assets of the estate, and not to pay out the same pending further orders of the court. From the judgment of the probate court overruling the said motion, the said Joseph Strom appealed to the circuit court of the city of St. Louis and filed his affidavit and bond for appeal. In the circuit court Joseph Strom amended his said motion to set aside the order of the probate court, adding thereto that the said order was in violation of section 30 of article 2 of the Constitution of Missouri, which provides: "No person shall be deprived of life, liberty or property without due process of law;" and that said order was in violation of section one of the Fourteenth Amendment of the Constitution of the United States. Afterwards, on the 4th of January, 1905, the motion came on for hearing in the circuit court and was by the court overruled. Thereupon the appellant filed a motion for new trial, which was overruled, and the appellant appealed to this court.

I. Before entering upon a consideration of the merits of the errors assigned by the appellant, we must first determine whether this court has jurisdiction of this appeal under the Constitution. The proceeding originated in the probate court of the city of St. Louis and was and is a mere motion by Joseph M. Strom, the surviving husband, to have revoked the order of the probate court directing the executor of Mrs. Mary Strom to take charge of the real estate devised by her to her daughter and apply the rents therefrom to the payment of the debts of Mrs. Strom existing at the time of her death, on the ground that

said Joseph Strom as the surviving husband of Mrs. Strom was entitled to the possession of said real estate and the rents, issues and products thereof as tenant by the curtesy. The only possible grounds upon which the court can take jurisdiction of this appeal are that the title of the real estate is involved in the said proceeding or that constitutional questions were raised by the two grounds added to the said motion by amendment after the appeal had been lodged in the circuit court, to-wit, that said order of the probate court was in violation of section 30 of article 2 of the Constitution of this State, which provides that no person shall be deprived of life, liberty or property without due process of law, and also violates section one of the Fourteenth Amendment to the Federal Constitution. Can the title to real estate be said to be involved? We answer in the negative. The probate courts of this State derive their jurisdiction from the Constitution. Section 34 of article 6 of the Constitution provides: "The General Assembly shall establish in every county a probate court, which shall be a court of record, and consist of one judge, who shall be elected. Said court shall have jurisdiction over all matters pertaining to probate business, to granting letters testamentary and of administration, the appointment of guardians and curators of minors and persons of unsound mind, settling the accounts of executors, administrators, curators and guardians; and also jurisdiction over all matters relating to apprentices." By the Constitution, section 22 of article 6, "the circuit courts have exclusive original jurisdiction in all civil causes not otherwise provided by law." The probate court has no jurisdiction to hear and determine the title to real estate, either in equity or in an action of ejectment. This power is conferred upon the circuit court. Neither has the probate court jurisdiction to hear and determine the liability of an executor or administrator for rents

of decedent's real estate claimed by a third party. Such action must be tried in the circuit court. The motion in the probate court was simply to set aside an order directing the executor to take charge of the decedent's realty. Only incidentally could the title have been involved from the form of the motion, but if it had prayed for a judgment as to the right of curtesy, the probate court had absolutely no jurisdiction to determine such right. Accordingly we hold that title to real estate was not only not involved but could not possibly have been affected by the judgment of the probate court.

II. Did the adding of the two constitutional grounds to the motion after the appeal reached the circuit court, so raise constitutional questions that it is incumbent on this court to retain jurisdiction of the appeal? It is elemental in this State that on appeal from a probate court or a justice of the peace, the circuit court must try the case anew upon the same cause of action that was tried in the probate court or in the justice's court. It is obvious that the two constitutional questions imported into the case presented entirely new issues in the circuit court, issues which the probate court was not allowed to pass on, and this change of the cause of action, so to speak, was unauthorized. The appeal could not give the circuit court greater jurisdiction than the probate court had or change the course of that appeal from the St. Louis Court of Appeals to this court. We have on various occasions held that this court will look deep enough into the record to ascertain whether we have jurisdiction, and we hold now with this record before us that the insertion of these alleged violations of the Constitution in the motion in the circuit court was without authority of law and does not confer jurisdiction on this court of this appeal, and must be treated as an attempt to incorporate matter in the record

which has no place there and should be disregarded in the determination of the propriety of the action of the probate court on the motion heard by it. Constitutional questions can no more be raised for the first time in the circuit court on appeal than they can in this court. It follows that this appeal must be certified to the St. Louis Court of Appeals.

*Fox, P. J.,* and *Burgess, J.,* concur.