H. P. PAYNE, RESPONDENT, v. BARNEY BERTMAN AND E. J. KELLY, APPELLANTS.

Kansas City Court of Appeals.   April 7, 1930.

*Mosman, Rogers & Buzard, Jenkins & Vance, Baker & Baker,
Clark, Boggs & Peterson* and *Harry T. Limerick, Jr.* for respondent.

*Jones & Wesner* for appellants.

BARNETT, C.—This is a suit for damages for personal injuries and for the loss of the comfort, companionship and services of the plaintiff's wife. Plaintiff sued the Pickwick Greyhound Lines, Inc., the Purple Swan Safety Coach Lines, Inc., Barney Bertman, and E. J. Kelly. On September 5, 1927, plaintiff and his wife were passengers in a motorbus which was operated by the Purple Swan Safety Coach Lines. There was a collision of the bus and a wagon belonging to Barney Bertman, which it is alleged was left unlighted upon the highway by E. J. Kelly, the servant and agent of Bertman. Both the plaintiff and his wife were injured. It is alleged that after the injury the Purple Swan Safety Coach Lines, Inc., changed its name to Pickwick Greyhound Lines, Inc. All the defendants pleaded a former judgment and satisfaction thereof in bar of this action. The evidence disclosed that the plaintiff had filed suit against the Purple Swan Company in Jackson county, Missouri, wherein he alleged the injury to his wife by reason of the collision and that by reason of her disability he had been deprived of her care, comfort, society, and services, and that he was thereby damaged in the sum of $3000. Judgment was rendered for plaintiff in the sum of $500 and complete satisfaction thereof was acknowledged in open court. At the close of the evidence in the instant case the court directed a verdict for the Purple Swan and Pickwick Greyhound Companies upon both counts of the petition and for Barney Bertman and E. J. Kelly upon that count of the petition wherein plaintiff sought to recover for the loss of the services and companionship of his wife, but submitted the case to the jury as against Bertman and Kelly upon that count of the petition wherein plaintiff sought to recover for his own personal injuries. There was a judgment for plaintiff, a motion for new trial was overruled, and Bertman and Kelly have appealed.

## OPINION.

One who is damaged by the negligence of two or more tort-feasors may sue the tort-feasors jointly or separately; but if separate suits are brought the plaintiff will be put to his election between the judgments as there can be but one satisfaction. If plaintiff has received satisfaction for the wrong from one tort-feasor he cannot recover another satisfaction for the same wrong. [Page v. Freeman, 19 Mo.

421; Lovejoy v. Murry, 3 Wall. (U. S.) 1; Johnson v. Conrades, etc., 232 S. W. 680; Garner v. Henzig, 15 Mo. App. 591; O'Briant v. Pryor, 195 S. W. 759.] The fact that the wrong to the plaintiff was contributed to by different acts of negligence upon the part of the several tort-feasors does not change the rule. If judgment is rendered against one and it is satisfied, all who may be liable are discharged. [Martin v. Cunningham, 93 Wash. 517, 161 Pac. 355; Miller v. Beck & Co., 108 Iowa, 575, 79 N. W. 344; Ayer v. Ashmead, 31 Conn. 447; Dulaney v. Buffum, 173 Mo. 1.] It is well settled in this State that only one cause of action arises from a single wrongful act, and the cause of action may not be split up and various suits brought for different items of the damage. [Coy v. St. Louis & San Francisco R. Co., 186 Mo. 408, and authorities there cited.] In the Coy case it was held that an action against a carrier for damages to goods shipped and to the owner who accompanied them at the time both grew out of the same tort, and that satisfaction of a judgment for the personal injuries precluded maintenance of a subsequent action for damage to the melons. In the present case by reason of the collision the plaintiff suffered pain and personal disability and lost the services of his wife. He had one cause of action for all of the damages to him which were the direct result of the collision. Respondent does not contend that the law of Missouri is otherwise, but he does contend that the rule against splitting causes of action is based upon the doctrine that a man may not be twice vexed by reason of one cause of action; and therefore, while the trial court properly sustained a demurrer as to the Purple Swan and the Pickwick Greyhound Companies, yet the defendants Bertman and Kelly have never before been vexed, and they cannot complain that plaintiff has split his cause of action.

In dealing with the question we are confronted with certain rigid and well established principles of the common law against which no argument, plausible or otherwise, may be permitted to prevail. It is no shock to our sense of natural justice that the plaintiff was permitted to receive satisfaction from the Purple Swan Company for the injuries suffered by the plaintiff on account of the disabilities of his wife, and that he recovered for damages for his personal injuries from the other two defendants. However, it is not our province to indulge in legislation. We cannot say that estates by the entirety do not exist in Missouri because the doctrine that man and wife are one is false. We must accept and enforce the doctrine that the statute of uses did not abolish trusts whether we are able to gather such an intent from the face of the statute or not. Except for the statute abolishing the rule in Shelly's case, we would be compelled to hold that a deed to A for life with remainder in his heirs vested a fee in A, although that doctrine appears to the writer to

contradict the plain meaning of the language of such a deed. So in determining when the satisfaction of a judgment against one of several tort-feasors releases all who were liable we may not follow any argument, however plausible, that would tend to abolish or fritter away fixed principles of the common law, even though those principles are based upon cold and arbitrary grounds. No joint tort-feasor could ever plead the satisfaction by another of a judgment upon the same cause of action if it was necessary for him to show that he had been twice vexed. He certainly was not vexed by the prosecution of the suit to which he was not a party and which resulted in a judgment against another. We therefore reject respondent's suggestion, because it is obvious that the rule that a man shall not be twice vexed is not the basis for the rule that the satisfaction of one of several judgments against tort-feasors who might have been sued jointly will discharge the cause of action against all. Furthermore, we cannot follow the cases wherein it has been held that the release of one tort-feasor by compromise does not preclude the prosecution of an action against another. The cases that construe section 4233, Revised Statutes 1919 are beside the point because there is no attempt in this case to comply with that section. The cases which construe the effect of release by compromise where the statute was not involved are not in point, as pointed out by Judge ELLISON in the case of Gens & Tiede v. Hargadine, McKittrick & Co., 56 Mo. App. 245. In that case the court said:

"Much of the authority and argument of defendants upon this point is really inapplicable; it is upon that breach of the law concerning splitting of actions by instituting separate actions. The law looks with favor upon the settlement of disputes without a resort to litigation. It will not compel one to forego the settlement of a portion of his demand on pain of losing the remainder. Upon a question of settlement there are no artificial mysteries or technical pitfalls. The question to determine is one of mere facts, whether there has been a settlement of the thing in litigation. On the other hand, the law looks with disfavor upon harassing a defendant with many actions upon one cause of action. The two questions are wholly different."

To the same effect see Bliss v. N. Y. Central, 160 Mass. 447, 36 N. E. 65; Yaple v. N. Y. R. Co., 68 N. Y. S. 292.

The real question is, does the satisfaction of a judgment against one tort-feasor discharge the claim for the items of damages mentioned in the petition or actually submitted to the jury, or does it extinguish the cause of action. We think it is the cause of action that is extinguished. Otherwise, the plaintiff might have sued the Purple Swan Company and alleged that he lost his arm, thereby losing his earnings past and future, without any reference to pain

or medical expenses. He could thereafter sue Bertman and Kelly and allege that he had lost his arm and recover for pain past and future and for medical expenses. In the case of four or five joint tort-feasors each subsequent suit against a single defendant could allege a different injury which was not mentioned in any previous petition. We think that a doctrine which would permit such practice is in direct conflict with the fixed principle of the common law that for one cause of action the plaintiff may have as many money judgments as there are tort-feasors, but may have but one satisfaction. If the judgment from which this appeal is taken is permitted to stand the plaintiff will have had two satisfactions for his cause of action. In the case of Dulaney v. Buffum, 173 Mo. 1, our Supreme Court said:

"After satisfaction, although it moved from only one of the tort-feasors, no foundation remains for an action against any one. A sufficient atonement having been made for the trespass, the whole matter is at an end. It is as though the wrong had never been done."

In the case of State ex rel. v. Trimble, 302 Mo. 699, 258 S. W. 1013, the facts were that plaintiff built a levee upon the east side of his farm in the year 1907 to protect it from the overflow of the water of Sugar Creek. A freshet caused a break in the levee which plaintiff undertook to repair, but he was prevented by a temporary injunction sued out by one B. F. Moore. On the day after the writ was served certain persons cut a swath thirty or forty feet wide through the willows on a twenty-five acre tract lying east of plaintiff's farm and cut down the west bank of a creek, so that when the floods came plaintiff's farm was flooded and he lost the use thereof in 1908, 1909, 1910. The injunction was dissolved in 1910, whereupon plaintiff repaired the levee. Plaintiff was awarded damages on the injunction bond in the sum of $1600, but he was not allowed any damages for the loss of the use of his farm. Thereafter, he sued the defendants who had cut the swath through the willows and had cut down the bank of the creek. The court said:

"Conceding that defendants acted independently of Moore, whether concurrent or subsequent, their acts contributed to the damages Woolston sustained in consequence of the injunction which restrained him from repairing his levee. In either case Moore was liable on his bond for all the damages caused by the water flowing onto the farm through the broken levee. . . . Moore being concededly liable on his bond for all the damages occasioned by the injunction, upon its dissolution Woolston was entitled to have all such damages assessed. He was not allowed to split his cause of action. By this recovery of a part of his damages his entire cause of action was merged in the judgment. . . . Woolston might have sued all the wrongdoers contributing to his injury either separately

or jointly and prosecuted his action or actions to judgment, but for one trespass or wrong he can have but one satisfaction.''

We conclude that the payment of the former judgment satisfied the cause of action and not merely the items of damage sued for.

The judgment should be reversed. The commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by BARNETT, C., is adopted by the court. The judgment is reversed. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.