STATE OF MISSOURI EX INF. ESCO V. KELL, Prosecuting Attorney, v. MONROE BUCHANAN, E. D. MATLOCK, PEARL CURRIE, LAURA LOU MASON, NETA WILBANKS, HATTY MATLOCK, DOROTHY YOUNG, LENORA WINN, J. L. WHITLOCK, OLIEF BUCHANAN, and MRS. MONROE BUCHANAN, Appellants.—No. 40596.—210 S. W. (2d) 359.

Division One, April 12, 1948.

*H. J. Griffin* and *Green & Green* for appellants.

*Esco V. Kell,* Prosecuting Attorney of Howell County, for respondent.

752

[360] DALTON, C.—This is a proceeding under the Statute of Escheats (Art. 1, Chap. 3, Sec. 620 et seq., R. S. 1939) to have described real estate in Howell County, previously owned by one John Matlock, who is now deceased, declared to be the property of the state. An information was filed by the prosecuting attorney of said county pursuant to Sec. 625 R. S. 1939, claiming that the property had escheated and that the state owned it. Scire facias was duly issued to defendants to appear and show cause why title to the property should not be vested in the state. Certain persons claiming to be the lawful heirs of John Matlock appeared, alleged ownership of the property, pleaded certain judgments of the probate court of Howell county as res adjudicata and charged that all issues and matters contained in said petition had been adjudicated and that plaintiff was barred and estopped from maintaining the action. The alleged heirs further filed a cross action under Sec. 1684 R. S. 1939 to have the title to the described premises quieted and determined in said defendants. The cause was tried to the court without the aid of a jury. The court found all issues for plaintiff and against defendants and adjudged that title to the described lands was vested in the State of Missouri; and that the defendants had no right, title or interest therein. Defendants have appealed.

It was admitted that John Matlock died intestate, in Howell county on the 15th day of January 1943, seized and possessed of the described real estate; that Roy Mitchell was duly appointed administrator of his estate by the probate court of Howell county; that said Mitchell qualified and served as such administrator; that the estate had been fully administered and all debts paid; and that final settlement was duly made and approved and the administrator fully and finally discharged.

Appellants in support of their claim of ownership under the statute of descents, Sec. 306 R. S. 1939, offered evidence as follows:

(1) A certified copy of the semi-annual settlement filed by the administrator of the estate of John Matlock, deceased, showing a balance due the estate of $623.47.

(2) A certified copy of the order and judgment of the probate court of Howell county, as entered on the 12th day of February 1944,

in the matter of the estate of John Matlock, deceased, to the effect that John Matlock left no widow, child, children or their descendants, that appellants were his legal heirs and showing the relationship of each to the deceased. The order purports to be based on affidavits and other evidence.

(3) A certified copy of a motion filed in said estate by the prosecuting attorney of Howell county to vacate and annul the proceedings and order of the court declaring and finding that appellants were the legal and only heirs of John Matlock, deceased.

(4) A certified copy of the order of the probate court of Howell county overruling the said motion of the prosecuting attorney, [361] as filed in the matter of the estate of John Matlock, deceased, to set aside said order determining the legal heirs of John Matlock, deceased.

(5) A certified copy of the order and judgment of the probate court of Howell county, in the matter of the estate of John Matlock, deceased, as entered on the 22nd day of February 1944, in the matter of the appointment of an appraiser for inheritance tax purposes. The order is in part, as follows: "The Court finds that the clear market value of all the property of said estate, transfer of which is subject to the tax imposed by the Transfer and Inheritance Tax Laws of the State of Missouri, aggregates $ none, personalty and $1600 real estate; total, $1600. That the decedent died intestate on the 15th day of January 1943; that the persons entitled to the distribution of said estate are: . . . (naming the appellants, giving their relationship to the deceased, their share of the estate and their exemptions) . . . That after deducting the costs of administration and debts probated against said estate, there does not remain net assets of said estate to be transferred to said beneficiaries more than the sum to which said beneficiaries are entitled as exemptions. Wherefore, the Court, in view of the premises, finds that there is no tax due the State of Missouri under the Transfer and Inheritance Tax Laws thereof, by reason of the transfer of any property, estate, interest therein, or income therefrom, in said estate, and that there is no necessity of appointing an appraiser to appraise and fix the value of any property of said estate, and it is ordered no such appraiser be appointed." Appellants offered no other evidence.

It will not be necessary to review the evidence offered by respondent. There is no contention that respondent's evidence was insufficient to establish that John Matlock left no heirs or representatives capable of inheriting the described property. Appellants do not question the sufficiency of the evidence. Appellants contend that all of respondent's evidence was a collateral attack upon the above judgments of the probate court of Howell county; that the court erred in admitting the parol evidence offered by respondent; and that the

court erred in not finding for appellants on the theory of res adjudicata.

With reference to the judgment of February 12, 1944, appellants state: "There was introduced in evidence by the defendants, a judgment of the probate court of Howell County, Missouri, wherein such probate court by valid judgment found that these defendants were the heirs and only heirs at law of John Matlock, deceased; that John Matlock died intestate and such defendants were entitled to his estate. Such judgment was within the jurisdiction of the probate court, was regular on its face, was a judgment by a court of record, was not appealed from and therefore was res adjudicata of the issues therein decided and was not subject to collateral attack."

With reference to the judgment of February 22, 1944, appellants state: "The legislature conferred the jurisdiction, duty, right and authority on the probate court to determine the amount of inheritance tax and the persons liable therefor and to determine any question which may arise in connection therewith. Sec. 585 R. S. 1939 . . . The judgment of such court in determining the amount of inheritance tax and the persons liable therefor is final, conclusive and res adjudicata unless appealed from as provided by law."

It is well settled that final judgments of probate courts in matters within their jurisdiction are as conclusive as those of courts of general jurisdiction. Phillips v. Phoenix Trust Co., 332 Mo. 327, 58 S. W. (2d) 318; Texier v. Texier, 342 Mo. 1220, 119 S. W. (2d) 778, 782. The judgment dated February 12, 1944, purported to determine the legal heirs of the deceased, their relationship to the deceased and their right respectively to a distributive share of any net estate available for distribution. Assuming that all proceedings were regular on the face of the record, the judgment was conclusive and binding upon the parties thereto and "on all persons claiming thereunder, subject to the right of appeal as provided by law." Sec. 230 R. S. 1939; State ex rel. Howe v. Hughes, 343 Mo. 827, 123 S. W. (2d) 105, 111; Citizens Bank & Trust Co. v. Moore, 215 Mo. App. 21, 263 S. W. 530, 532.

[362] Respondent, however, was not a party to the record or proceedings in the probate court. The administrator of the estate and the parties named as the heirs at law of the deceased were the only parties to that proceeding. No one is affected by a judgment to which he was not a party or privy. Little River Drainage District v. Sheppard, (Mo. Sup.), 7 S. W. (2d) 1013, 1014; National Cypress Pole & Piling Co. v. Hemphill Lumber Co., 325 Mo. 807, 31 S. W. (2d) 1059, 1064. So far as appears from this record, the probate court had taken no jurisdiction of the described real estate for any purpose. See, Secs. 129, 130 and 141 R. S. 1939. Upon the death of the deceased, the legal title to the real estate descended to and vested in the heirs at law of the deceased, "subject to the payment of his

debts," etc. Sec. 306 R. S. 1939; Wahl v. Murphy, (Mo. Sup.), 99 S. W. (2d) 32, 35. If there were no heirs or representatives capable of inheriting the described real estate, it escheated and title vested in the state, subject to and in accordance with the provisions of Art. 1 of Chap. 3, Sec. 620 et seq., R. S. 1939. See, Sullivan v. Burnett, 105 U. S. 334, 26 L. Ed. 1124, 1127.

It further appears that the probate court had no jurisdiction to determine the issue here presented, towit, whether or not the described real estate had escheated to the state. The method for determining that issue is expressly fixed by the statute and the proceeding must be instituted "in the circuit court of the county in which such estate is situate." Secs. 625 and 630 R. S. 1939. Nor did the probate court have jurisdiction to determine the controversy concerning the title to the described real estate. Crawford v. Amusement Syndicate Co., (Mo. Sup.), 37 S. W. (2d) 581, 583; In re Strom's Estate, 213 Mo. 1, 6, 111 S. W. 534; Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S. W. (2d) 771, 776.

Since respondent was not a party or privy to the proceeding in the probate court and since the probate court had taken no jurisdiction of the real estate, had made no orders with reference thereto and had no jurisdiction to determine the title thereof, the judgment relied upon was not conclusive or binding upon respondent in this proceeding and did not determine the title to the described real estate. See, Buck v. McMinn, (Mo. Sup.), 300 S. W. 497, 499. Respondent does not claim title by, through, or under the administrator of the estate of the deceased, nor does respondent claim through any of the parties named in the judgment determining the right to any distribution of the personal estate of the deceased.

Appellants rely on "estoppel by judgment," but the judgment of February 12, 1944, was not res adjudicata of the issues here presented. Generally, in order to successfully invoke a plea of "estoppel by judgment" four conditions must concur, towit: (1) Identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and of parties to the action; and (4) identity as to the quality of the person for or against whom the claim is made. Scheurich v. Empire Dist. Elec. Co., (Mo. Sup.), 188 S. W. 114, 117; Rossi v. Davis, 345 Mo. 362, 133 S. W. (2d) 363, 373; Norwood v. Norwood, 353 Mo. 548, 183 S. W. (2d) 118, 122. There is no pleading or contention here of "estoppel by verdict," i. e., that some particular fact has been litigated between the parties. See, Norwood v. Norwood, supra; State ex rel. Gott v. Fidelity & Deposit Co. of Baltimore, Md., 317 Mo. 1078, 298 S. W. 83, 87(3). However, in view of the facts shown by this record, we hold that the judgment of February 12, 1944 was insufficient to constitute either "estoppel by judgment," or "estoppel by verdict." It was not binding or con-

756

clusive on respondent in any respect with reference to any issue presented in this cause.

Appellants next refer to the order overruling the motion to set aside the judgment determining heirship and say that respondent made a direct attack on the judgment by motion to set the same aside; that "the probate court after hearing the evidence in the case over-ruled such motion"; that respondent is bound thereby; and that, therefore, the judgment is res adjudicata of the issues herein.

The alleged direct attack to vacate, annul and set aside the order of February 12, 1944, declaring appellants to be the heirs at law [363] of John Matlock, deceased, was based upon alleged want of notice to the administrator, want of jurisdiction of the court to make the order and on the ground that appellants, in obtaining the order, were "guilty of such conduct as to amount to legal fraud upon the court." It was further alleged that "since there was no personal estate or personal property to be distributed after the payment of all debts and claims against the estate of John Matlock, deceased, said proceedings and orders obtained by said purported heirs in an ex parte proceeding shows upon its face a fraudulent purpose to attempt to lay a foundation for claim to above described land." The motion to set aside was not filed until June 28, 1945, more than a year after the order was entered.

The probate court had no jurisdiction to hear and determine any such direct proceeding to vacate and set aside a judgment on the ground of fraud. The relief sought was such as only a court of equity had jurisdiction to grant. The probate court had no equity jurisdiction to vacate and set aside judgments on the ground of fraud. See, State ex rel. Baker v. Bird, 253 Mo. 569, 579, 162 S. W. 119, 122; Howard's Estate v. Howe, 344 Mo. 1245, 1252, 131 S. W. (2d) 517. In addition, respondent was not a party to the record in that proceeding, the court was without jurisdiction to determine the rights of the parties with reference to the real estate and the motion was not one provided for by law. See, Ewart v. Peniston, 233 Mo. 695, 704, 136 S. W. 422. The ruling thereon did not conclude or bind respondent on the issues presented here.

Was the alleged judgment of February 22, 1944 (on the matter of inheritance tax), "res adjudicata of the issues herein," as contended by appellants? It appears that the above order of February 22, 1944 was entered by authority of Sec. 585 R. S. 1939, which reads, in part, as follows: "The probate court which grants letters testamentary or of administration, either original or ancillary, on the estate of any decedent, shall have jurisdiction to determine the amount of the tax provided for in this article . . . Such court or the judge thereof in vacation shall immediately upon the filing of the inventory and appraisement of the estate of a decedent, examine the same, and if it is apparent, in the opinion of the said court or

judge, that such estate is not subject to the tax provided for in this law, such finding and opinion shall be entered of record in said court, and thereupon the provisions of section 583 shall become inoperative as to the holders of funds or other property thereof, *and there shall be no further proceedings relating to such tax, unless upon the application of interested parties the existence of other property or an erroneous appraisement be shown.*" (Italics ours.)

No notice or hearing is required unless "it appears that the estate may be subject to such tax." In such case, notice of hearing shall be given to all interested persons and to the state treasurer and the prosecuting attorney of the county. Sec. 585, supra. The section has been re-enacted since the order in question was entered. Laws 1945, p. 66, Sec. 1. So far as this record shows the order was entered under the first part of the statute and without notice to the State of Missouri, or its designated representatives. The act itself shows that the finding and order of no tax due and no appraiser to be appointed is not necessarily conclusive or final. See quotation supra.

Further, the order and judgment of February 22, 1944 was not entered in any judicial proceeding. The order was entered by authority of a statute giving the procedure for the assessment and collection of the state inheritance tax. The statute does not purport to provide for a judicial proceeding, but a proceeding to assess and collect taxes. Art. 21, Chap. 1, Sec. 571 et seq., R. S. 1939. In the case of DePauw University v. Brunk, State Treasurer, (U. S. Dist. Court, W. D. Missouri, W. D.), affirmed 285 U. S. 527, 76 L. Ed. 924, in considering the Missouri Inheritance Tax Law, the court said: "The probate court, so far as inheritance tax matters are concerned, is not a judicial tribunal. It is an administrative agency. It is not uncommon for states to commit to courts administrative functions. The assessment of a tax and its collection are administrative matters. The [364] function assigned to the probate court is that of the assessment of the tax. The function assigned to the circuit court is that of the ordinary board of tax appeals. It has never before been suggested, so far as we know, that a taxpayer is denied due process of law because of any interest or prejudice which the assessor may have. The field of taxation is distinct from the field of ordinary proceedings in courts of law. While it is essential to due process of law in the usual judicial proceeding that the judge shall be disinterested and impartial, it is not essential to due process of law that an administrative officer shall be disinterested and impartial."

Apparently this court has not previously determined whether such an order, as that entered on February 22, 1944, could operate as res adjudicata, but, under somewhat different circumstances, In re Bernero's Estate, 271 Mo. 529, 540, 197 S. W. 121, a claim that one

assessment was res adjudicata as to a further assessment on different property was denied.

We hold that the order of February 22, 1944, of no tax due and no appraiser to be appointed, as entered by the probate court of Howell county in the matter of the estate of John Matlock, deceased, was not res adjudicata of the issues here presented. It was not a judgment in a judicial proceeding to which respondent was a party. Nor was it entered in a contested proceeding before an administrative tribunal acting judicially. Respondent was not concluded thereby as to any issue herein.

None of the orders or judgments introduced by appellants being conclusive or binding upon respondent in so far as the issues here are concerned, the court did not err in hearing the parol evidence offered by respondent to show that John Matlock died intestate leaving no heirs or representatives capable of inheriting the described real estate. As stated, except for the contention that the judgments are res adjudicata of all issues presented, the sufficiency of respondent's evidence is not questioned. The trial court heard the oral and deposition testimony and found it sufficient to establish that John Matlock died intestate leaving no heirs or representatives capable of inheriting the described real estate. No reason appears for disturbing the trial court's findings.

The judgment is affirmed. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.