Cecil Ervin **AGNEW**, Jr., a Minor, by His Father and Natural Guardian, Cecil E. Agnew, Sr., Appellant,

v.

**UNION CONSTRUCTION COMPANY,** a Corporation, Respondent.

Supreme Court of Missouri,

Division No. 2.

May 14, 1956.

Motion for Rehearing or to Transfer to Court en Banc Denied June 11, 1956.

Cyril G. Baucke, Kansas City, for appellant.

Don G. Stubbs, Stubbs, McKenzie, Williams & Merrick, Kansas City, for respondent.

BOHLING, Commissioner.

Cecil E. Agnew, Jr., a minor by his father and natural guardian, sued Union Construction Company, a corporation, for $50,000 damages for personal injuries. Defendant filed a motion to dismiss. The motion was sustained, and judgment was entered dismissing plaintiff's petition. Plaintiff appealed and contends the record is devoid of evidence to support the judgment.

Plaintiff charged in his petition that on September 4, 1953, he was a passenger in an automobile operated eastwardly by Richard Martin on a public highway in Jackson county, Missouri, opposite defendant's large quarry and rock crushing plant when, by reason of defendant's negligence in permitting chat, gravel and other rock products to fall off of defendant's trucks, remain on said highway, and create a hazardous and dangerous condition, said automobile was caused to collide with a westbound automobile, causing plaintiff to be severely injured.

Defendant's "Motion to Dismiss" admitted the collision between the automobiles on

September 4, 1953, opposite defendant's rock crushing plant; that plaintiff was a passenger in the automobile operated by Richard Martin; and (quoting said motion):

"3. Plaintiff has previously filed suit in the Circuit Court of Jackson County, Missouri, at Kansas City, Number 576,560, against said Richard Martin, based on the subject matter of this action, alleging injuries as a result of the negligence of said Martin at the said time and place in question.

"4. In such suit plaintiff had judgment for $4,000.00 against said Martin which judgment was satisfied in open court.

"5. By reason of these facts, the judgment in cause Number 576,560 is res judicata with respect to any action against any and all alleged tort-feasors arising out of the aforesaid accident and the plaintiff cannot maintain this action against defendant.

"Wherefore, defendant prays that this action be dismissed with prejudice and that it have and recover its costs."

This motion was verified by one of the attorneys for defendant as follows: "Don G. Stubbs, being first duly sworn, states that the facts set out in the foregoing motion are true according to the best of his information and belief."

The record does not show or indicate there was any hearing on the motion or any evidence offered in support thereof. It reads, so far as material:

"Under date of March 21, 1955, the following entry appears of record in the office of the Circuit Clerk:

"'Now on this day it is ordered by the Court that defendant's Motion to Dismiss, heretofore filed herein, be sustained for the reason that the judgment in cause No. 576560 is res adjudicata as to this cause of action.

"'Wherefore, it is ordered and adjudged by the Court that plaintiff's petition be and the same is hereby dismissed and that plaintiff recover nothing from the defendant * * *.'"

Section 509.290 [1] provides: "1. The following objections and other matters may be raised by motion whether or not the same may appear from the pleadings and other papers filed in the cause: * * * [Here follows ten specifically named objections. Res judicata is not specifically named. Then follows:]

"2. The grounds of any of the above may be supplied by affidavit and may be controverted by opposing affidavit in accordance with subsection 4 of section 506.060."

"Motions and pleadings may be filed simultaneously by the same party without waiver of the matters contained in either." § 509.330.

A party may join all available grounds for motions in one motion, and no waiver occurs by reason thereof or by pleading over. "A party waives all objections and other matters then available to him by motion by failure to assert the same by motion * * *," except failure to state a claim or legal defense, and except lack of jurisdiction over the subject matter. § 509.340.

All defenses and objections not authorized to be raised by motion "shall be raised in the responsive pleading if one is permitted. When no responsive pleading is required the case shall be deemed at issue. If a responsive pleading is required all defenses or objections not raised therein are waived," except failure to state a claim or failure to state a legal defense and except jurisdiction over the subject matter. "All issues of fact raised or deemed to be raised shall be determined at the trial." § 509.400.

"In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, * * * estoppel, * * * payment, re-

[1] Statutory references are to RSMo 1949 and V.A.M.S.

lease, *res judicata*, * * * and any other matter constituting an avoidance or affirmative defense. * * *" § 509.090.

▮ The defense of res judicata is not among the specified objections in § 509.290; but we held in Hamilton v. Linn, 355 Mo. 1178, 200 S.W.2d 69 [5, 6], the plea of res judicata to be a permissive but not a mandatory objection within "and other matters" of § 509.290 and could be raised by a motion to dismiss, notwithstanding the plea goes to the merits and not the jurisdiction, Overcash v. Yellow Transit Co., 352 Mo. 993, 180 S.W.2d 678, 684 [11], and is specifically named as a defense to be affirmatively pleaded under §§ 509.090 and 509.-400. Metcalf v. American Surety Co., 360 Mo. 1043, 232 S.W.2d 526, 530 [4, 5]; Meisel v. Mueller, Mo.App., 261 S.W.2d 526, 532 [1, 2]; Knight v. Calvert Fire Ins. Co., Mo.App., 268 S.W.2d 53, 55. Ordinarily the issue of res judicata is a question of law. Raney v. Home Ins. Co., 213 Mo.App. 1, 246 S.W. 57, 60 [9–12]; Koontz v. Whitaker, Mo.App., 111 S.W.2d 197, 200 [7–9]. The plea permits of the expeditious disposition of an action groundless on uncontroverted facts. Metcalf v. American Surety Co., supra.

▮ A single injury occasioned by several tort-feasors permits of an action against each severally or any or all may be joined as defendants. Berry v. Kansas City Public Service Co., 341 Mo. 658, 108 S.W.2d 98, 102 [2]; Second appeal, 343 Mo. 474, 121 S.W.2d 825, 833 [11–15]; Payne v. Bertman, 224 Mo.App. 690, 27 S.W.2d 28, 29; Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009, Ann.Cas.1913E, 875.

▮ Defendant was not a party to plaintiff's action against Martin. Defendant invokes estoppel by judgment of record. There is no indication of record and it is not contended that defendant was responsible for the negligent acts of Martin. Defendant was a stranger to the first action. Plaintiff's judgment against Martin was not res judicata of defendant's liability to plaintiff. State ex inf. Kell v. Buchanan, 357 Mo. 750, 210 S.W.2d 359, 362; Womach v. City of St. Joseph, 201 Mo. 467, 100 S.W. 443, 10 L.R.A.,N.S., 140; McIntosh v. Wiggins, 354 Mo. 747, 191 S.W.2d 637, 641 (quoting "'Estoppel by judgment must be mutual and bind both parties. If the judgment is not binding on both, it binds neither'"); 50 C.J.S., Judgments, §§ 760–763, 800, 820, pp. 284, 288 et seq.; 30 Am.Jur. 950, Judgments, §§ 219, 220, 222, 229, 246, 248, 876; 52 Am.Jur. 448, Torts, §§ 110, 127–130, 131; 38 Am. Jur. 1097, Negligence, § 375; Annotations, 133 A.L.R. 181, 188; 23 A.L.R.2d 710, 719.

Plaintiff does not question defendant's contention that one satisfaction for a tort constitutes the discharge of all who may be liable, and that concurrent tort-feasors may plead such a judgment and satisfaction in bar of an action by the plaintiff against another defendant. Payne v. Bertman, 224 Mo.App. 690, 27 S.W.2d 28 [1–4]; Hanson v. Norton, 340 Mo. 1012, 103 S.W.2d 1, 6 [4]; 50 C.J.S., Judgments, § 761, p. 288; 52 Am.Jur. 467, Torts, § 127; 31 Am.Jur. 361, Judgments, § 876.

▮ Defendant's plea, as we view it, sets up the defense of accord and satisfaction, explicitly specified as an affirmative defense to be set forth in a responsive pleading under §§ 509.090, 509.400, and an issue of fact to be "determined at the trial" under § 509.400. We are on firmer ground, and in accord with express statutory directions, in holding, as we do, that the defense of accord and satisfaction, to be affirmatively raised in a responsive pleading, § 509.090, should be so presented and "determined at the trial", § 509.400. Consult art. V, § 5, Mo.Const., V.A.M.S. The instant record discloses no hearing or the introduction of evidence on defendant's motion. The same practical results appear as available on uncontroverted issues in a responsive pleading under § 509.090 as are available under § 509.290 on motion. Section 510.180 provides: "2. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, * * * or of any separate issue or of any number of claims, * * * or issues." A court, prior to a trial of other

issues on the merits, undoubtedly would exercise its jurisdiction under § 510.180(2) to determine an uncontroverted issue disclosing an action to be groundless. A judgment based on motion under § 509.290 raising the defense of avoidance was reversed and the cause remanded for proceedings in conformity with statutory provisions in Pogue v. Smallen, Mo., 285 S.W.2d 915 [6, 8].

The judgment is reversed and the cause remanded for further proceedings in conformity hereto by defendant, if so desired, within such reasonable time as the trial court shall direct.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.