In the Matter of the ESTATE OF FRED A. CHAPIN, Respondent, v. JAMES J. LONG, Administrator, Appellant.

Springfield Court of Appeals, August 10, 1920.

1. **EXECUTORS AND ADMINISTRATORS: Court May Order Administrator to Inventory Assets.** Where administrator erroneously appropriated as partnership property the proceeds of an insurance policy, the proper procedure was for the court to order the administrator to inventory it as an asset of the individual estate, in view of Revised Statutes 1909, section 67, providing for an additional inventory.

2. **PARTNERSHIP: Presumed to Share Equally in Profits and Losses.** In the absence of any other showing, the presumption is that partners share equally in the profits and losses of the business.

3. ———: **Capital Furnished by Partner is Debt Owing by Firm, to Be Repaid to Him.** It is a general rule that capital furnished by any partner, in the absence of agreement to the contrary, is a debt owing by the firm to the contributing partner, and necessarily is to be repaid him, if the firm assets are sufficient after paying the firm liabilities to outsiders.

4. ———: **Proceeds of Life Policy, Voluntarily Assigned to Firm, Considered as Capital, to Be Returned.** Where a partner, for no

apparent reason or consideration, assigned an insurance policy payable to his estate to the firm, it can be considered as nothing more than an advancement of capital by him to the firm, and on dissolution of the firm at his death, his estate should be repaid this amount before his partner would begin to share in the profits or the property of the estate.

5. ————: Priority of Payments, and Division of Profits on Dissolution Stated. On the winding up of partnerships, as between the partners, debts and liabilities to third parties should first be paid, then repayment to each partner of his advances should be had, and then repayment to each partner of his capital, and last a division of the profits, if any.

6. EXECUTORS AND ADMINISTRATORS: Administrators Should Procure and Collect Assets Appropriated by Former Administrator. Where an administrator failed in his trust by appropriating, as a partner with deceased, certain assets of the estate, and resigned, an administrator de bonis non, subsequently appointed, should collect such assets for the estate; the former administrator and his bondsmen being liable to the estate.

Appeal from Circuit Court of Pemiscot County.—*Hon. Sterling H. McCarty*, Judge.

AFFIRMED.

*Ward & Reeves* and *N. C. Hawkins* for appellant.

Respondent's petition charged and the proof showed that Fred A. Chapin applied for and obtained the policy and assigned it to the company, acting on his own initiative. The assignment was therefore admitted and proven and it being valid in law, it vested title in the company. Ins. Co. v. Bank, 216 S. W. (Mo. App.) 785 (4); Lee v. Society, 195 Mo. App. 40; Cornell v. Ins. Co., 179 Mo. App. 420; 25 Cyc. 709 E.

*Shepard & Oliver* for respondent.

The record in this case conclusively shows that Chapin owed nothing to the firm of Fred A. Chapin & Co., nor was he indebted to C. F. Scoggin at the time of his death, nor did the firm of Fred A. Chapin & Co., owe

Scoggin any sum as the records show no claim whatever was made by Scoggin against said firm, and the firm had more assets then was necessary to pay all of its liabilities, therefore Scoggin had no insurable interest in the life of Chapin, and wrongfully converted one-half the proceeds of said policy to his own use under the guise of administrator of the co-partnership estate. Trippe v. Jordon, 177 Mo. App. 339; Locke v. Bowman, 168 Mo. App. 121; Heusner v. Mutual Life Insurance Co., 47 Mo. App. 336; Insurance Co. v. Rosenheim, 56 Mo. App. 27; Whitmore v. Knights and Ladies of Honor, 100 Mo. 36; Mutual Life Insurance Co. v. Richards et al., 99 Mo. App. 88; Strode v. Meyer Drug Co., 101 Mo. App. 627.

FARRINGTON, J.—This suit was begun in the probate court of Pemiscot county, and was instituted for the purpose of requiring C. F. Scoggins as administrator of the estate of Fred A. Chapin, deceased, to inventory to said estate the sum of $1,000 collected by said Scoggins on a life insurance policy taken out by said Fred A. Chapin on his life and made payable to his estate and afterwards voluntarily by him assigned to Fred A. Chapin & Company. While the suit was pending Scoggins resigned and one Dunavant was appointed administrator in his stead, who died, and the Public Administrator, the appellant here, was appointed as the Administrator *de bonis non*. The cause was taken on appeal from the probate court to the circuit court, where it was tried anew and an order made adjudging and decreeing that Claude F. Scoggins or James J. Long, as Administrator *de bonis non* of the estate of Fred A. Chapin, inventory the further sum of $500 received upon the insurance policy on the life of Fred A. Chapin aforesaid, and credit the same to the estate of Fred A. Chapin.

We state enough of the finding of facts made by the trial court to dispose of the question involved here. It appears that Scoggins and Chapin formed a partnership to carry on a plumbing business, Scoggins being

the financial member of the firm and Chapin carrying on the actual operations of the concern, Chapin having very little money or capital. The firm was designated as Fred A. Chapin & Company. Prior to Chapin's death he had taken out a policy of insurance for $1,000, made payable to his estate, with power of assignment in him, and for ought that appears in the record he, voluntarily and without any reason given, assigned the policy to the firm of Fred A. Chapin & Company. He then died, and Scoggins became the administrator of the partnership estate as well as the individual estate of Fred A. Chapin. As administrator of the estate of Fred A. Chapin & Company he collected the $1,000, paid it into the estate of the firm and settled up the partnership estate. After paying all of the creditors of the concern, there remained on hand the $1,000 collected on the insurance of Fred A. Chapin's life, and in addition thereto the sum of $111.48. He, therefore, turned over to himself as administrator of the estate of Fred A. Chapin $555.74, and took for his part of the partnership property $555.74. In other words, he treated the $1,000 which he had collected on the policy as partnership property or capital, to which he was entitled to one-half.

The two questions in this case are, whether the court had the power to make the order that it did on the present administrator; and second, and primarily, whether the $1,000 which Scoggins appropriated to the firm property could lawfully be so appropriated under the facts as stated. On the first proposition, we think there is no doubt that if the balance of the $1,000, that is, $500, which had not been credited to the Fred A. Chapin individual estate, belonged to that estate; then the proper procedure was for the court to order the administrator to inventory it as an asset of the individual estate, and that is all that the judgment complained of here in effect directs. Section 67, Revised Statutes 1909, provides for additional inventory, and the court may order the administrator to so inventory

205 App.—27

it. [See Walter v. Ford, ·74 Mo. 195.] This leaves us to the main question in the case, that is, to which estate goes the $1,000 collected on the insurance policy?

It seems to us that counsel for both sides have misconceived the controlling principle that governs this suit. Many cases are cited supporting the doctrine that a firm has an insurable interest in its member's lives; that a member may insure his own life and transfer it to the firm, and that such act will not be against public policy. While these principles may be admitted, the question comes as one under the law of partnership, and that is where a firm is organized, in the absence of any other showing, the presumption is that they are equal partners to share in the profits and losses of the business. [See Bates' Law of Partnership, Vol. 1, sec. 181.]

It is the general rule that capital furnished by any partner, in the absence of agreement to the contrary, is a debt owing by the firm to the contributing partner and necessarily is to be repaid him if the firm assets are sufficient after paying the firm 'liabilities to outsiders, etc. [30 Cyc. 691.] (Cases cited in notes sustain this principle stated by the author). The same holding was made in the case of Grier v. Strother, 153 Mo. App. 292, 133 S. W. 404.

As this case now stands, we find that Scoggins and Chapin were partners. The presumption, then, would be that they shared equally in the profits made. The facts are admitted that after all of the indebtedness of the concern had been paid, there was yet $54.78 to be divided between them as profits of the venture; that Chapin, who was the owner and controller of the $1,000 policy, turned it over to the firm of which he was a partner. There is an absence of any showing that he did this for any consideration moving to him. It can, therefore, me considered as nothing more than an advancement of capital by him to the firm over and above that which was put in and left in by his co-partner, Scoggins, and on the dissolution of the firm he should be repaid this amount before his partner, Scoggins,

would begin to share in the profits of the property of the partnership.

On the question of winding up partnerships, treated by Bates, Vol. 2, sections 811 and 812, page 857, as between partners, it is laid down that first must be paid the debts or liabilities due third parties; second, a repayment to each partner of his advances, for as to these he is a creditor; third, repayment to each partner his capital; and fourth, a division of profits, if any, Under this rule, all of the third parties who were creditors, having been paid, the partner, that is Chapin, and in this case his individual estate, is entitled to a return of this property which he invested as capital in the partnership.

In view of the fact that one-half of this amount has been repaid to his estate, the administrator *de bonis non* of the estate of Fred A. Chapin should inventory the claim for $500 the same as any other debt or claim due the estate, and if it should appear that Scoggins has failed in his trust as the administrator of the Fred A. Chapin individual estate to procure and collect in this asset for the estate, he and his bondsmen are liable.

The judgment is affirmed. *Sturgis, P. J.,* and *Bradley, J.,* concur.