BESSIE ADELMAN v. CLEM B. ALTMAN et al.; MARTIN J. CARROLL and KANSAS CITY, Appellants.

Division Two, December 20, 1920.

1. **APPELLATE JURISDICTION:** Constitutional Question: Eliminated by Instruction and Verdict. A building was in process of construction, and the contractor had piled a large quantity of material on the street in front of the building; an automobile driven by a drunken driver ran down the plaintiff as she was passing around the pile of material, and she sues the contractor and city for damages. The ordinance provided that "no person shall leave, place or deposit, or cause to be left, placed or deposited, in or upon any sidewalk, any article or thing whatever so as to obstruct or otherwise encumber the same." The sidewalk had been excavated out to the curb line, so that there was no sidewalk in front of the building. *Held*, that an instruction telling the jury that "if the sidewalk had been excavated out to the curb line, so that there was no longer any sidewalk there, then the said ordinance relating to obstructions on sidewalks would have no application to the situation and would constitute no ground of recovery whatever in this action," and a verdict for plaintiff against the contractor and city, entirely' eliminated the ordinance from the case, and with it eliminated the question of the constitutionality of said ordinance, and consequently the Supreme Court does not have jurisdiction on the ground that the validity of the ordinance is still a question in the case.

2. ———: ———: ———: Presumption In Favor of Jury. Where the instruction told the jury that, if they found that there was no sidewalk in front· of the building, a certain ordinance relating to the

obstruction of sidewalks had no application to the case and would constitute no ground for recovery, and the evidence is uncontradicted that there was no sidewalk, the court will presume that the jury so believed and so found, and thereby eliminated said ordinance from the case, although their verdict was for plaintiff.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*E. M. Harber and Francis M. Hayward* for appellant.

A constitutional question is raised by the answers of appellant, Carroll, and respondent, Altman, alleging that Section 604 of the Revised Ordinances of Kansas City, relied upon by plaintiff in her petition, was unconstitutional because in conflict with Section 1 of Fourteenth amendment to Constitution of the United States and Sections 21 and 30, Article 2, of the Constitution of Missouri, and raised by respondent, Altman, and appellants, Kansas City and Carroll, when such ordinance was offered in evidence by the plaintiff, and admitted by the court over such objections, and further raised by the instructions to the effect that such ordinance was invalid, such instructions being refused by the court. Joplin Mining Co. v. City of Joplin, 48 Mo. App. 601; Barber Asphalt Pav. Co. v. Ridge, 169 Mo. 376.

*Park & Brown* and *Achtenberg & Rosenberg* for respondent.

(1) Contentions that Sec. 604, Revised Ordinances of Kansas City, is unconstitutional are frivolous. (2) Ordinance Section 604, forbade the leaving, placing or depositing in or on any sidewalk of any article or thing whatever so as to obstruct or encumber the same. Appellant Carroll in violating this ordinance became liable for all damages caused by his disobedience of this law. Jackson v. Railway, 157 Mo. 621; Miller v. Engle, 185 Mo. App. 558; Stone v. Leritz, 182 Mo. App. 315;

Peperkorn v. Transfer Co., 171 Mo. App. 709. (3) Appellant Kansas City was negligent in permitting this condition. Ballentine v. Kansas City, 126 Mo. App. 130; Townsend v. Joplin, 139 Mo. App. 394; Barker v. City, 155 Mo. App. 390; Turner v. Railroad, 138 Mo. App. 143.

WILLIAMSON, J.—Plaintiff, claiming to have been struck and injured by an automobile at the intersection of Troost Avenue and Fifteenth Street in Kansas City, Missouri, sued Henry Sieben, Ralph J. Smiley, Martin J. Carroll, Clem B. Altman, Frank G. Altman and Kansas City for damages. The suit as to Frank G. Altman was abated by his death. As to Clem B. Altman the plaintiff took an involuntary nonsuit. The jury returned a verdict in favor of Henry Sieben. Plaintiff recovered judgment against Smiley, Carroll and Kansas City in the sum of $1600.

The Altmans were the owners of a building in process of construction at the southeast corner of Troost Avenue and Fifteenth Street. Carroll was the contractor who was erecting the building. In so doing he had piled a large quantity of material on the south side of Fifteenth Street in front of the building. Sieben was the owner of the automobile in question, and Smiley was the drunken driver of the automobile who ran the plaintiff down while she was passing around the pile of material above mentioned in Fifteenth Street. Carroll and Kansas City have appealed.

Section 604 of the Ordinances of Kansas City was introduced in evidence by the plaintiff. Carroll and Kansas City assert error in this behalf for the reason, as they allege, that said ordinance is unconstitutional. In the view we take of this case, no further statement of the facts is necessary.

If we have jurisdiction of this appeal it is because, and only because, a question of constitutional law is involved.

This question relates to the constitutionality of Section 604 of the Ordinances of Kansas City. This section is as follows.

"Sec. 604.—*Obstructions on Sidewalk.*—No person shall leave, place or deposit, or cause to be left, placed or deposited, in or upon any sidewalk, any article or thing whatever so as to obstruct or otherwise encumber the same; provided, that this section shall not be so construed as to prevent merchants or manufacturers, while receiving or shipping their goods, wares or merchandise, from occupying for such purpose one-half of the sidewalk with such goods, wares or merchandise; but the same shall, in no event, remain longer than two hours upon such sidewalk."

The supposed constitutional question was promptly and properly raised and was kept alive throughout the case by appropriate steps.

It will be noted that the ordinance in question relates solely to obstructions upon sidewalks. At the request of appellant Carroll the trial court gave to the jury Instruction "D" which is as follows:

"If you believe and find from the evidence that the south sidewalk on Fifteenth Street in front of the Altman property had been excavated out to the curb line, so that there was no longer any sidewalk there, on and prior to January 9, 1916, then the court instructs you that Section 604 of the Revised Ordinances of Kansas City, relating to obstructions on sidewalks, would have no application to the situation then existing, and would constitute no ground of recovery whatever in this action."

If under the evidence it appeared that the sidewalk had been excavated out to the curb line, so that there was no sidewalk in front of the Altman property at the time the plaintiff was injured, then, by this instruction, Section 604 was entirely eliminated from this case. It is undisputed in this record that this sidewalk had been so excavated. We must, therefore, presume that the jury so believed and found.

"We will not speculate on what the jury *might* do, or airily conjecture this or that. We stand on the proposition that the jury are presumed, absent anything to the contrary appearing, to obey their oaths and bring in a verdict according to the evidence. Being men of sense and acting under an oath, freshly taken, they are entitled to that presumption." Shinn v. United Railways Co., 248 Mo. 173, l. c. 182. [See also, Powell v. Railroad, 255 Mo. 420, l. c. 456.]

With Section 604 of the ordinances thus eliminated from this case, the constitutional question is also eliminated.

Absent a constitutional question, our jurisdiction is also absent.

It inevitably follows that this case should be transferred to the Kansas City Court of Appeals.

It is so ordered. All concur.