FRANK (SLIM) KILPATRICK V. THE STATE.

No. 18429. Delivered June 3, 1936.
Rehearing Denied June 26, 1936.

The opinion states the case.

*J. P. Word,* of Meridian, and *Geo. W. Mills,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for fifty years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Roy Yocham by striking him with an axe and by cutting him with a knife.

Several witnesses for the State testified to the effect that on the 6th of September, 1935, appellant and A. C. Smith killed deceased by cutting him with a knife and striking him with an axe. Testifying in his own behalf, appellant declared that he was not present when deceased was killed. Appellant's wife testified that appellant was at home with her on the occasion of the homicide.

No bills of exception are brought forward and no exceptions to the charge of the court are found in the record.

The evidence is sufficient to support the judgment.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant insists that the witness Everett, testifying for the State, gave evidence at variance with the testimony of the other eyewitnesses, and that it brings the testimony in such condition of conflict as that the conviction should not be allowed to stand. We have reviewed the testimony of the other witnesses, and also that of Everett, and have concluded that while he does mention some things that the others do not speak of, there is nothing in the matters mentioned by him which negatives the guilt of the accused, or should operate to cause reversal of the case.

56 

We are unable to follow appellant's argument against the charge of the court on the question of alibi. This court has often approved · the charge given, which was, in substance, that if the evidence raised a reasonable doubt in the minds of the jury as to appellant's presence at the time and place of the homicide, he should be acquitted.

Not being able to agree with any of appellant's contentions, the motion for rehearing will be overruled.

*Overruled.*