STATE OF MISSOURI at the relation of WILLIAM B. KINEALY, Trustee and WINIFRED BRYAN, Residuary Legatee, Under the Will of SARAH W. FLYNN, Relators, v. JEFFERSON D. HOSTETTER ET AL., Judges of the St. Louis Court of Appeals.—104 S. W. (2d) 303.

Court en Banc, April 21, 1937.

*Wm. B. Kinealy* and *C. L. deRenthel* for relators.

*Geers & Geers* for respondents.

HAYS, C. J.—Certiorari to the St. Louis Court of Appeals to quash the record of that court made in determining an appeal from the Circuit Court of the City of St. Louis, which was taken from a judgment of the Probate Court of St. Louis granting Lawrence C. Flynn, widower of Sarah W. Flynn, deceased, a partial distribution of $500 out of her estate. These relators appealed from that judgment.

The funds of the estate were ample and available to pay it. Her last will had then been probated and letters granted thereon more than one year prior to the filing of the widower's petition for distribution; and within one year after the granting of the letters said widower had made his election, within the time and in the manner provided by statute, to renounce the provisions of said will.

On the appeal taken from the probate court judgment by the adverse parties, William B. Kinealy and Winifred Bryan (relators here), the circuit court first denied the petition and later sustained Flynn's motion for a new trial. From that order granting a new trial these relators took an appeal to this court. After hearing the same this court, for want of jurisdiction, certified the cause to said Court of Appeals. [In re Flynn's Estate, 92 S. W. (2d) 671.]

The challenged opinion of the Court of Appeals in this cause is reported in Re Flynn's Estate, 95 S. W. (2d) 1208. In it reference is made to that court's two former decisions, in which Lawrence Flynn was plaintiff and these relators were appellants. The first of the two causes was a proceeding for the statutory allowance to the widower for one year's support, which allowance was made by the probate court, and finally sustained by the Court of Appeals. [In re Flynn's Estate, 67 S. W. (2d) 771.] The second was a similar proceeding and was brought under the statute for $400 absolute property of the widower, and was finally determined (67 S. W. (2d) 776) by the Court of Appeals upon the same facts and upon the authority of the first decision, supra.

In the first (67 S. W. (2d) 772, 773) the testimony of Flynn and that of Kinealy is set out in detail in relation to the facts and circumstances upon which in that case the court determined that Flynn was not estopped to elect, as he did elect, under the statute.

In the present case the Court of Appeals referred to said prior cases, stated the nature of them, the issue of estoppel by election

which was involved, the substance of the facts relating to that issue, and quoted the remainder of the opinion delivered in the first case. So, that court, in the opinion now under review, as in the prior cases, determined that Flynn did not become estopped from renouncing the will and electing to take under the law. In expressly determining anew the issue as to Flynn's estoppel by election, the Court of Appeals considered "the relation of the parties, the nature of the (will's) provisions, and his (Flynn's) ability or inability to acquire a full understanding of his rights under the will, and whether what he did, which is relied upon as creating an estoppel against him, was done through ignorance or with full knowledge of all the facts in relation to his rights and the effects of his action accepting the rent checks" (small sums—approximately $300 in all). The court considered the size of the estate; the conflicting interests of Kinealy, who drew the will of his sister, the testatrix, which gave him power as trustee over Flynn's support and maintenance, and who was also interested as a legatee.

The court made its findings of the ultimate facts, and pointed, *inter alia*, to the testimony of Flynn as having been to the effect, "as shown by the record," that he was advised by Kinealy that his reception of the rent checks would not in any manner prevent him from renouncing the will; and to that of the executor, Kinealy, who denied that he made such statement but did admit that he did not give Flynn full information about his right to renounce the will in that he did not remember telling him he had a whole year in which to renounce. On the whole (of which we have undertaken to set out but a part), the court expressed themselves as satisfied that Flynn received the rent checks without understanding the effect or nature of the same, or where they came from, whether from the executor or trustee (one and the same person), nor did he realize that his receiving them might abridge or affect his rights to renounce the will; that his reception of them worked no injury or prejudice to the legatees nor caused them to do anything to their loss or disadvantage in the least; that, moreover, his statutory allowance of $400 and his allowance for a year's support, not then as yet made, constituted far more than sufficient to offset the amount represented by the rent checks.

The principal contention of the relators is that the challenged opinion, in deciding that the evidence was insufficient to establish estoppel, did not set forth any evidence but did refer to "the record" in said cause. As supporting the contention, they cite State ex rel. Quercus Lumber Co. v. Robinson, 179 S. W. 79; State ex rel. Studebaker Corp. v. Trimble, 295 Mo. 667, 677, 247 S. W. 119. And upon that proposition the relators submit that the abstract of the evidence and the relators' instruction given in the trial court, as preserved in relators' abstract of the record filed in the cause in

the Court of Appeals, is before this court in this proceeding; citing State ex rel. v. Trimble, 300 Mo. 101, 253 S. W. 1014; State ex rel. v. Ellison, 281 Mo. 667, 220 S. W. 498; State ex rel. v. Trimble, 298 S. W. 782, 785.

■ The well-settled rule is that reference to the pleadings and instruction, in the opinion of a Court of Appeals, though it neither outlines the petition or answer nor sets out the substance of the instructions with clarity, is sufficient to make both the pleadings and the instruction a part of the opinion for purposes of review upon certiorari. And reference to a written instrument by a Court of Appeals makes such instrument as much a part of the opinion as though fully set forth therein. [State ex rel. Kansas City v. Ellison (en banc), 281 Mo. 667, 220 S. W. 498; State ex rel. Talbott v. Shain, 334 Mo. 617, l. c. 620, 66 S. W. (2d) 826; State ex rel. Studebaker Corp. v. Trimble, 295 Mo. 667, 677, 247 S. W. 119.]

■ It has been seen above that the Court of Appeals made its finding of facts upon oral testimony; also, that no reference was therein made to any instruction. It is evident that throughout the sole defense was estoppel by election. On review on certiorari of an opinion such as is presented here we are limited to the facts as found in the opinion by the Court of Appeals. We are therefore confined in this respect to the consideration of the question whether the conclusion of law announced by that court upon the facts as found, and upon the issue as stated, is contrary to the decisions of this court upon the same or a similar state of facts. That is the extent of our inquiry. [State ex rel. Locke v. Trimble (Mo.), 298 S. W. 782, 789, and State ex rel. Himmelsbach v. Becker, 337 Mo. 341, 344, 95 S. W. (2d) 420, 422.] Applying the rules stated above, it is clear that relators' contentions above stated have no merit.

■ Appellants assert that the rule announced in the opinion under review, in respect of estoppel by election, is in conflict with the rule as exemplified in the following authorities, namely: ''When one is put to an election between two inconsistent courses, and he first adopts one by some unequivocal act, that is an election which he cannot afterwards recall'' (Moseley v. Bogg, 272 Mo. 319, l. c. 329-331); or, that one who accepts a beneficial interest under a will or deed thereby adopts the instrument as a whole and renounces every right or claim that is inconsistent with it (Wood v. Trust Co., 265 Mo. 511, 178 S. W. 201; Stone v. Cook, 179 Mo. 534, 542, 78 S. W. 801).

The facts in those cases were quite different from those upon which this cause was determined. In the case first cited the widower, after being fully advised both by the probate judge as to his legal rights and by legal counsel, qualified and administered upon the estate of his deceased spouse and claimed both under the law and under the will. In the second case the widow of the deceased testator

did not make and file the statutory election to renounce the will. The third was an action by a daughter, a legatee, to contest her deceased father's will. Her petition alleged she had received the legacies but had done so under protest. In each instance the facts were held sufficient to constitute estoppel by election.

The Court of Appeals' opinion ruled the case upon the authority of a leading and the latest decision rendered by Court en Banc, In re Goessling's Estate, 287 Mo. 663, 230 S. W. 613, and earlier cases cited in that decision. The facts as stated in said opinion are very similar to those in the Goessling case and were ruled upon the same issue, estoppel by election. The decision in that case is controlling in this case.

As their next and last ground of conflict the relators assert that the decision of the Court of Appeals, in the form of the remand, which was based upon the authority of Scott v. Cowen (en banc), 274 Mo. 398, 195 S. W. 732, and Cole v. St. Louis-San Francisco Ry. Co. (en banc), 332 Mo. 999, 61 S. W. (2d) 344, 348, conflicts with a number of cases which they cite, most of which were reviewed in the Court of Appeals' opinion, and the principal ones are: Haven v. Missouri Ry. Co., 155 Mo. 216, 55 S. W. 1035, and Gaty v. United Rys. Co., 286 Mo. 503, 226 S. W. 953. The authorities upon which relators rely hold in substance that when a motion for a new trial is sustained the cause is at isssue for trial again, and the court has no authority to enter a judgment without another trial.

The Scott v. Cowen case, supra (274 Mo. 398, 195 S. W. 732) explained Haven v. Missouri Ry. Co., 155 Mo. 216, 55 S. W. 1035. In the Cole case, supra (1. c. 1011-1012), our court en banc reaffirmed the rule as established in the Scott v. Cowen case and in summation said: "If the instant case is for review the same as if here after final judgment, and we so hold, clearly under the statute and the usual appellate procedure we should, to lessen the expense and end litigation, remand the cause and direct the court as to a disposition of the case. We so hold because the record discloses no prejudicial error against defendants committed in the course of the trial. On the record it is only a question of the amount that the plaintiff is entitled to recover. On review we have determined that amount." In that case we affirmed the order of the trial court sustaining defendant's motion for a new trial, and remanded the cause with directions to set aside the order granting a new trial, and to reinstate the verdict on condition of a *remittitur* of a part thereof, and with the further direction that if the *remittitur* be not made the new trial be granted. The Cole case and the Scott v. Cowen case are this court's latest and controlling decisions.

Let us examine the order made and the directions given by the Court of Appeals in the present case, in the light of the statutes

specifically governing the manner and form of judgment of the circuit court in appeals taken from the probate court: "It is therefore ordered that the order, or judgment, of the circuit court in sustaining the motion of Lawrence C. Flynn for a new trial be and the same is hereby affirmed, and the cause is remanded to the circuit court, with directions to set aside its order or judgment which denied the application of Lawrence C. Flynn for a partial distribution of the estate of Sarah W. Flynn, deceased, and to set aside its order for another trial of this cause, and said circuit court is further directed to enter up a judgment sustaining the application of said Lawrence C. Flynn for a partial distribution of the estate of Sarah W. Flynn and to direct the payment to him by the executor in charge thereof, to-wit, William B. Kinealy, of the sum of $500, together with interest thereon at the rate of 6 per cent per annum from the 12th day of December, 1932 (that being the date when the probate court ordered the $500 to be paid), and also direct that all costs in this cause be paid out of the assets of the estate and to transmit a certified copy of such judgment to the probate court.''

The statutes, Revised Statutes 1929, provide: "In all cases of appeal from a probate court, if the judgment of the probate court be affirmed, or if, on a trial anew in the appellate court, the judgment be against the appellant, such judgment shall be rendered against him and his sureties in the bond for appeal." [Sec. 293.] "The clerk of the circuit court or other court shall certify a transcript of the record and proceedings and the original papers to the court whence the appeal was taken, who shall proceed according to the decision of the circuit court." [Sec. 294.]

This was not a jury case. It was a statutory proceeding, cognizable by the probate judge only. The power of the circuit judge on appeal was derivative and no different or greater or less than that which the probate judge had exercised. These statutes—it has been said,—enacted because of their public convenience, simplify the business before the probate courts at a minimum cost and without injury to any one. Why, then, any need in this instance of a new trial after the remand of the cause by the Court of Appeals? None, as we shall see.

The first quoted section seems to provide two different forms in which the circuit court may couch its judgment; one, a mere affirmance, and the other a judgment anew. We are of opinion that the Court of Appeals preferably, in this instance, should have definitely directed the particular one to be followed by the circuit court. The directions actually given seem to be ambiguous. Had the Court of Appeals' affirmance been expressly limited to the trial court's order setting aside that court's findings and judgment, if any, and been followed by an express disapproval of the granting of a new trial, and had added directions that the judgment of the probate

court be affirmed by the circuit court and that the record of such affirmance thereof be certified and transmitted with the other papers as provided by statute, such order and direction certainly would have fully complied with our established rule of appellate practice pointed out above.

But, all things considered, was not the actual entry tantamount to that? We think it was and that it was so intended. In the order as made, after affirming the grant of a new trial, it thereafter directed that the order granting a new trial be set aside, thereby cancelling the first, and further directed the court *nisi* to set aside the judgment, and to proceed, in a manner further directed, to enter judgment.

There have been three trials upon the one issue of estoppel *vel non* and that issue has thrice alike been exhaustively and painstakingly determined by the Court of Appeals. Unquestionably this unfortunate litigation has now come to the end. Our writ should be quashed and it is so ordered.

All concur.