In the Matter of the ESTATE of Jacob
SCHELL, Deceased.

Mary E. SCHELL, Appellant,

v.

Hugh SCHELL, Administrator, Respondent.

No. 50438.

Supreme Court of Missouri,

Division No. 1.

Sept. 14, 1964.

James L. Paul, Pineville, for appellant.

Robert E. Yocom, Pineville, for respondent.

HIGGINS, Commissioner.

This action originated in the Probate Court of McDonald County. That court entered an order favorable to Mary E. Schell and an appeal was taken to the Circuit Court of McDonald County where the case was tried de novo. Section 472.250, RSMo 1959, V.A.M.S. The trial judge denied relief to Mary E. Schell and now she has appealed.

Appeal was first taken to the Springfield Court of Appeals, which court transferred the case to the Supreme Court. In re Schell's Estate, Mo.App., 370 S.W.2d 816.

The pertinent portions of appellant's pleading, styled "EXCEPTION TO INVENTORY & APPRAISEMENT," follow:

"Comes now Mary E. Schell * * * and files herein exceptions to the Inventory and Appraisement filed in the above estate for the reason that said Inventory shows no real estate.

"Your applicant further represents and shows to the court that said decedent died

on the 7th day of April, 1958 and that at the time of his death, a certain warranty deed executed prior to the decedent's marriage with your applicant was being held by the Bank of Pea Ridge, Pea Ridge, Arkansas, conditionally and not absolutely and that after decedent's death, said deed was procured by the grantees named therein and caused to be placed of record in McDonald County, Missouri on the 11 day of April, 1958.

"Your applicant further represents and shows to the court that by reason thereof title to said real estate was vested in the decedent at the time of his death and that said warranty deed, if effective at all, was merely a testamentary deed and by reason thereof, your applicant is entitled to a widow's share of said real estate.

"WHEREFORE, your applicant prays that this matter be set down for hearing and that the court make further inquiry and if the allegations contained in this exception be sustained, *that the court award your applicant such money as she may be entitled to by reason of being widow of the deceased and establish the same as a lien against said real estate.*"

The facts of this case are brief and not in great dispute. Appellant, Mary E. Schell, is the widow of Jacob Schell, deceased. Mary and Jacob, both of advanced years, were married April 21, 1953, and lived together as husband and wife, occupying the real estate in question, until Jacob's death April 7, 1958. Prior to his marriage with Mary, Jacob Schell, on February 17, 1953, executed two warranty deeds purporting to convey said real estate and naming as grantees thereof his three adult children by a previous marriage, Hugh Schell, the respondent administrator, Clifford Schell, and Jewell Robbins. These deeds were recorded April 11, 1958, four days after Jacob's death. According to witness Cecil Calvin Beaver, a brother-in-law of said Hugh Schell, these deeds were in possession of Hugh Schell in May of 1955. Tax receipts for the years 1953 through 1958 for taxes

on this land were issued in the name of Jacob Schell. There was an envelope in the Bank of Pea Ridge, Arkansas, marked "Property of Jacob Schell." Its contents were not known but it was thought to have contained an abstract of title. Jacob was an old age assistance beneficiary and, according to his welfare case record, claimed ownership of the lands and had an allowance for taxes thereon during all the time in question.

It is our view that this case does not involve title to real estate within the meaning of Article V, Section 3, Constitution of Missouri, V.A.M.S., and that the case was, therefore, improperly transferred here by the Springfield Court of Appeals. In Nettleton Bank v. McGaughey's Estate, 318 Mo. 948, 2 S.W.2d 771, 774 [7], we said for this court to have jurisdiction: "Title must not only be in issue; it must be in issue directly, as distinguished from collaterally or incidentally." We went on to say at l. c. 774 [8]: "The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, *must take title from one litigant and give it to another.*" See also Missouri Digest, Courts, ☜231(25).

Appellant's prayer in this case is that the probate court give her a money judgment and establish such judgment as a lien against the real estate mentioned in her petition. It has been settled that establishing a lien on real estate does not involve title to real estate in the constitutional sense. Nettleton Bank v. McGaughey's Estate, supra, l. c. 774 [7].

The court has held in the Nettleton case that the probate court has no jurisdiction to decide title controversies. Certainly this case does not seek to take title from one litigant and give it to the other, which would be an issue for the circuit court.

The court of appeals in transferring the case here, 370 S.W.2d 816, 819 [11], only

said that its jurisdiction was doubtful and transferred the case for our determination.

Accordingly, we hold that title to real estate is not involved and jurisdiction is in the Springfield Court of Appeals.

The cause is remanded to the Springfield Court of Appeals.

HOUSER and WELBORN, C.C., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.