In the Matter of the **ESTATE** of Jacob **SCHELL**, Deceased.

**Mary E. SCHELL, Appellant,**

**v.**

**Hugh SCHELL, Administrator, Respondent.**

**No. 8417.**

Springfield Court of Appeals.

Missouri.

May 5, 1965.

James L. Paul, Pineville, for appellant.

Robert E. Yocom, Pineville, for respondent.

HOGAN, Judge.

This cause again comes before this court, having originally been submitted at the September 1963 session. Upon that submission, we were doubtful of our jurisdiction and transferred the cause to the Supreme Court. In re Schell's Estate, Mo. App., 370 S.W.2d 816, 819 [11]. The Supreme Court, upon examination of the record, concluded that jurisdiction of the appeal was indeed in this court and accordingly retransferred the case; it is now before us for consideration upon the merits. Schell v. Schell, Mo., 381 S.W.2d 864, 865–866.

In brief, the facts are that the appellant, Mary E. Schell, is the widow of Jacob Schell, deceased. Mr. and Mrs. Schell, both of advanced years, were married April 21, 1953, and lived together as husband and wife, occuping the real estate here in question, until Mr. Schell died April 7, 1958. Prior to his marriage to the appellant, Jacob Schell executed two warranty deeds conveying the real estate involved to three adult children by a former marriage, Hugh Schell, the respondent administrator, Clifford Schell, and Jewell Robbin. The two deeds, introduced in evidence, show on their face that they were recorded April 11, 1958, four days after the death of Jacob Schell. The real estate thus purportedly conveyed was not included in the inventory of the estate of Jacob Schell, deceased.

At some time after the inventory of the estate, Mrs. Mary Schell, the surviving spouse, filed a pleading in the probate court, styled "Exception to Inventory and Appraisement Filed Herein," setting forth that Jacob Schell had, prior to his death, executed the warranty deeds in question, that the deeds were being held "conditionally and not absolutely" by a bank in Pea Ridge, Arkansas, and that subsequent to the decedent's death the grantees had procured the deeds and recorded them. The pleading also set forth that title to the real estate involved was vested in the decedent and that the appellant was entitled "to a widow's share" of the realty. The pleading requested that an inquiry be made into the facts and concluded with a prayer " * * * that the court award your applicant such money as she may be entitled to by reason of being widow of the deceased and establish the same as a lien against said real estate."

A hearing was held in the Probate Court of McDonald County, Missouri, on this

pleading, which is probably properly styled a petition. Section 472.080(1).[1] The probate court found, among other things, that the decedent had conveyed the real estate in question to the named grantees on February 17, 1953, for a valuable consideration; that the deeds were recorded subsequent to the death of the intestate decedent on April 11, 1958; that the deeds had been deposited in a bank prior to Jacob Schell's death and were delivered to the grantees after his death; that the two deeds were testamentary in character; that there had been no actual delivery until after the grantor's death, and therefore the realty involved was part of the estate of Jacob Schell and as such should be included in "the inventory and the administration."

The administrator thereupon appealed to the circuit court, which reversed the finding below, finding as a fact that the deeds had been observed in the possession of one of the grantees in May 1955; consequently, there had been an effectual delivery and the real property was not subject to administration. The surviving spouse thereupon appealed to this court.

■ The looseness with which the appellant's original pleading was drawn and the sparsity of the record presented have made it extremely difficult to deal with this cause on appeal; however, a fair characterization of the appellant spouse's position would seem to be that she asked the probate court (a) to determine if the realty in question had been effectually conveyed prior to the decedent's death; (b) to order the realty inventoried, if in fact the title was vested in the decedent at his death; and (c) to make some kind of allowance to the

appellant spouse—either the family allowance contemplated by Section 474.260 or the homestead allowance to which she might be entitled under Section 474.290. As we previously pointed out, the ultimate issue tried was whether or not Mary Schell, as widow of Jacob Schell, had any interest in the lands involved, and this depended on whether he had conveyed it in his lifetime. However, as has been repeatedly held, the probate court has no jurisdiction to decide whether or not title to a particular parcel of realty was vested in the decedent at the time of his death,[2] and the jurisdiction of the circuit court on appeal, being derivative, was no greater or broader than the probate court had itself.[3] What is more, we have the opinion of the Supreme Court, Schell v. Schell, supra, 381 S.W.2d at 865, that the judgment rendered *cannot* be construed as determining title, and therefore, to the extent the judgment appealed from purports to adjudicate the title in the grantees of the deeds in question, we must hold it to be erroneous and void.

■ On the other hand, we take the case for review as we would take any other case tried by the circuit court without a jury, Cranford v. Langston, Mo.App., 356 S.W.2d 581, 584 [1], and it is our duty to review the case upon the law and the evidence as in suits of an equitable nature, Rule 73.01(d), V.A.M.R., and, to the extent possible, dispose finally of the case by giving such judgment as to us shall seem agreeable to law, Rule 83.13(c), though we cannot and do not comment upon the title controversy indirectly involved beyond saying that it remains subject to determination in the proper forum. Schell v. Schell, supra, 381 S.W.2d at 865.

1. All references to statutes and rules are to RSMo (1959), V.A.M.S. and V.A.M.R., unless otherwise noted.

2. Schell v. Schell, supra, 381 S.W.2d at 865; State ex inf. Kell v. Buchanan, 357 Mo. 750, 755, 210 S.W.2d 359, 362 [5, 6]; Nettleton Bank v. McGaughey's Estate, 318 Mo. 948, 955–956, 2 S.W. 2d 771, 776 [13, 14]; In re Strom's Estate, 213 Mo. 1, 6–7, 111 S.W. 534,

536; In re Wood's Estate, 138 Mo.App. 258, 262–263, 120 S.W. 635, 637.

3. In re Franz' Estate, Mo., 372 S.W.2d 885, 902 [10]; In re Thomson's Estate, 362 Mo. 1043, 1052–1053, 246 S.W. 2d 791, 796 [6]; State ex rel. Kinealy v. Hostetter, 340 Mo. 965, 971, 104 S.W. 2d 303, 307 [5]; Evans v. York, Mo.App., 216 S.W.2d 124, 127 [3].

■■ The appellant's petition properly invoked the jurisdiction of the probate court in two respects. It asked for the inclusion of omitted real property in the inventory and (at least very imperfectly) for an allowance for the appellant as surviving spouse. The probate court had jurisdiction to compel the administrator to inventory any property of the estate which had been overlooked or omitted at any time before final settlement, Walter v. Ford, 74 Mo. 195, 198–199; Chapin's Estate v. Long, 205 Mo. App. 414, 417–418, 224 S.W. 1012, 1013 [1], and the inclusion of real property in the inventory does not depend upon the decedent's ownership, but merely his possession. Section 473.233, par. 1, subpar. (7), as amended L.1957, p. 829, Section 1, and L.1959, S.B. 141, Section 1, provides for and requires the inventory of all property possessed but not owned by the decedent at his death, and the statute requires a statement as to the knowledge of the administrator concerning its ownership. By definition, the word "property" in the Probate Code of 1955 includes both real and personal property. Section 472.010, subpar. (26), as amended L.1957, p. 829, Section 1. While we do not undertake to define precisely and for all purposes the meaning of the word "possessed" as it appears in subpar. (7) of par. 1 of Section 473.233, the record before us supports the inference that the decedent was "in possession" of the realty concerned in the sense that the decedent physically occupied it and exercised some dominion over it by "kind of truck farm[ing] and such as that," and by paying the taxes. This is at least a species of possession. National Cypress Pole & Piling Co. v. Hemphill Lbr. Co., 325 Mo. 807, 818, 31 S.W.2d 1059, 1063 [3, 4]. The realty in question was properly to be included, and should have been included, in the inventory.

■ The final point to be disposed of is the appellant's claim for allowances. The record leaves us unable to ascertain whether the appellant sought to claim the family allowance provided for by Section 474.260 or the homestead allowance provided for by Section 474.290. At one point, appellant's pleading speaks of a "widow's share" in real estate; at another, she prays for "such money as she may be entitled to." We cannot, upon anything presented here, determine the condition of the estate, the point to which administration thereon had proceeded when the appellant's pleading was originally filed, nor indeed, upon this state of the record, whether there are any assets from which the appellant's claim for allowances can be satisfied. The appellant should amend her pleading so as to show plainly, or at least discernibly, whether she claims the family allowance or the homestead allowance, or both, and should couch her petition in the form and language suggested by the drafters of the Probate Code. However, since formal pleadings are not required in probate court, Lenhardt's Estate v. Lenhardt, Mo.App., 322 S.W.2d 170, 173 [4], and since the appellant's assertions in her pleading are wholly inconsistent with a voluntary relinquishment of her rights under either Section 474.260 or Section 474.290, we must hold that the appellant has not waived or failed to assert her rights as surviving spouse under these statutes.

It is therefore ordered that the real property involved be inventoried as part of the estate of Jacob Schell, deceased, and that the appellant be permitted to amend her pleading so as to assert any rights which may have accrued to her under the provisions of Section 474.260 or Section 474.290, subject to a determination of decedent's title to the realty in question in the proper forum.

RUARK, P. J., and STONE, J., concur.