**Edna R. HAUSHALTER, Plaintiff-Respondent,**

v.

**E. Juanita CRAWFORD, Defendant-Appellant.**

**No. 56652.**

Supreme Court of Missouri,
Division No. 1.

July 16, 1973.

Harry L. Ritchey, St. Ann, for respondent.

Jay V. White, Rolla, for appellant.

WELBORN, Commissioner.

Appeal from judgment in favor of plaintiff in action to set aside a deed by plaintiff's husband to defendant on grounds that conveyance was in fraud of plaintiff's marital rights, § 474.150, RSMo 1969, V.A.M.S.

Edna A. Haushalter filed suit in the Phelps County Circuit Court to set aside as

a conveyance in fraud of her marital rights a deed, dated May 10, 1966, by her husband, who died November 16, 1967, to E. Juanita Crawford, of his interest in a four-acre tract of land in Phelps County. A few years earlier, the tract had been conveyed to the husband and Mrs. Crawford as tenants in common.

After a trial to the court, the circuit court entered judgment as follows:

"ADJUDGED: Title to said undivided one-half interest in and to the lands described in plaintiff's petition is vested in defendant, subject, however, to the marital rights of plaintiff therein, to be found, determined, and adjudged by the Probate Court of Phelps County, Missouri, where the estate of Louis G. Haushalter now is being administered. That the marital rights of plaintiff, as determined by the said Probate Court are decreed a special lien against the undivided one-half of said described lands, until paid or otherwise satisfied."

Defendant appealed to this court by notice of appeal filed March 4, 1971. Her brief asserts that jurisdiction of the appeal is vested in this court under Mo.Const. Art. V, § 3, V.A.M.S., as it stood at the time of the appeal, because "there is a question concerning title to real estate."

Plaintiff's petition did seek to set aside the conveyance by Mr. Haushalter to defendant. The trial court denied that relief. See Breshears v. Breshears, 360 Mo. 1057, 232 S.W.2d 460 (1950). Plaintiff has not appealed from the failure of the trial court to cancel the deed. The trial court did adjudge that title to the ½ interest in question in the land is vested in defendant. Defendant does not question that portion of the trial court's judgment for obvious reasons. The only portion of the judgment defendant questions is the finding that the 1966 conveyance was a fraud on plaintiff's marital rights and directing that the marital rights of plaintiff as determined by the probate court are a special lien against such ½ interest.

The net effect of the judgment appealed from is to confirm the title of defendant, subject to such special lien. The only controversy on the appeal relates to the latter portion of the trial court's decree. The decree gives plaintiff no specific interest in the property nor does it deprive defendent of any portion of her title. The decree gives plaintiff a lien, dependent upon the action of the probate court regarding her claim for allowances and homestead under §§ 474.260 and 474.290, RSMo 1969, V.A.M.S.

As the matter is here presented, the issue is the validity of the judgment granting a lien for such obligations. A judgment establishing or denying a lien on real estate does not involve title to real estate within the meaning of § 3 of Article V, as it formerly stood, giving this court jurisdiction of appeals in cases "involving * * * title to real estate." Nettleton Bank v. Estate of McGauhey, 318 Mo. 948, 2 S.W.2d 771 (banc 1928); Schell v. Schell, 381 S.W.2d 864 (Mo.1964).

This court does not have jurisdiction of this appeal. The case must be transferred to the Missouri Court of Appeals, Springfield District.

Transferred to Court of Appeals.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.